<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4519**

_____

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

JERRY JOHNSON,

               Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge. (1:07-cr-00104-IMK-5)

_____

Submitted:  April 21, 2011          Decided:  May 4, 2011

_____

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Roger D. Curry, CURRY AMOS & ASSOCIATES, L.C., Fairmont, West Virginia, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Johnson appeals the 151-month sentence imposed following the district court's revocation of his probation. On appeal, Johnson contends that the district court imposed a plainly unreasonable sentence. Finding no reversible error, we affirm.

We treat sentences imposed upon revocation of supervised release and probation similarly and therefore review the sentences imposed in either situation under the same plainly unreasonable standard. United States v. Moulden, 478 F.3d 652, 655-56 (4th Cir. 2007). When a defendant violates terms of his probation, the district court may revoke the probationary period and resentence the defendant to a term of imprisonment up to the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); Moulden, 478 F.3d at 657. The district court has broad discretion to impose a probation revocation sentence. Moulden, 478 F.3d at 657. Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion," United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted), and will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. Id. at 437.

Our first step is to "decide whether the sentence is unreasonable." Id. at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Moulden, 478 F.3d at 657. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we determine that the sentence is not unreasonable, we will affirm. Id. at 439.

Our review of the record leads us to conclude that the revocation sentence is procedurally and substantively reasonable. Accordingly, we deny Johnson's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3